**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MARCUS SANDERS** | **CIVIL ACTION NO. 2:19-CV-12046** |
| **VERSUS** | **SECTION: T (4)** |
| **MARQUETTE TRANSPORTATION COMPANY GULF INLAND, L.L.C.** | **JUDGE: GREG G. GUIDRY** |
| | **MAGISTRATE: KAREN WELLS ROBY** |

**MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* TO EXCLUDE THE PROFFERED TESTIMONY OF PLAINTFF'S EXPERT ECONOMIST**

MAY IT PLEASE THE COURT:

Defendant Marquette Transportation Company Gulf-Inland, LLC ("Marquette") files this memorandum in support of its motion *in limine* to exclude portions of the proffered testimony of plaintiff's economist Kenneth McCoin at the trial of this matter because his opinions are unreliable such that they do not meet the requirements of Federal Rule of Evidence 702. Specifically, McCoin gives the following unsupported claims: (1) plaintiff's wages would increase by 0.8% annually throughout his worklife expectancy; (2) plaintiff's fringe benefits equal 17.5% of his wages; and (3) plaintiff has and/or will sustain economic losses as a result of his lessened ability to contribute to household services. Because McCoin's economic analysis of past and future economic losses is not based upon reliable principles, methods, or supporting evidence, McCoin should be precluded from offering testimony at the trial of this matter.

## I. BACKGROUND

As this Court is aware, this case involves an alleged injury to plaintiff Marcus Sanders that allegedly occurred on March 27, 2018, while working as a deckhand trainee for Marquette Transportation Company Gulf-Inland, LLC aboard the M/V ST CHRISTOPHER.



PD.28358152.1

Specifically, as he departed the vessel, plaintiff allegedly fell down as he descended an external staircase that led from the vessel's second deck to the bottom deck. Plaintiff alleged that he slipped when he was about halfway down the staircase, which caused him to slide down the remainder of the stairs and sustain injuries to his back and right shoulder.

In making his claim, plaintiff retained economist Kenneth McCoin to provide opinions as to plaintiff's past and future economic losses. As a basis for calculating such losses, McCoin relies upon the unsupported and unreliable assumptions that (1) plaintiff's wages would increase by 0.8% annually throughout his worklife expectancy, (2) that plaintiff's fringe benefits equal 17.5% of his wages, and (3) that plaintiff has and/or will sustain economic losses as a result of his lessened ability to contribute to household services.[1]

Marquette respectfully moves this Honorable Court *in limine* to exclude McCoin's testimony on the basis that his calculations are speculative and unreliable.

## II. LAW AND ANALYSIS

Federal Rule of Evidence 702, which governs the admissibility of McCoin's testimony, provides as follows:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based upon sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Rule 702 charges this Honorable Court with the responsibility to act as gatekeeper as to all expert testimony, not just testimony based on science.[2] As the proponent of the proffered

[1] *See* Kenneth McCoin's Economist Report, attached as Exhibit "1."
[2] *Kumho Tire Co. v. Carmichael*, 119 S.Ct. 1167, 1178 (1999).

testimony, plaintiff bears the burden of proving that McCoin's testimony should be admitted. Courts carefully evaluate the probative value of proffered expert testimony in light of its possible prejudicial effect under Federal Rule of Evidence 403, and do so in preliminary Rule 104 admissibility determinations. While the Federal Rules of Evidence demonstrate a policy for the liberal admission of evidence, Rules 702 and 703 militate against this general policy and impose a more stringent standard of reliability in light of the potential for unreliable expert testimony to mislead or confuse a trier of fact.[3]

Further, an expert's proffered testimony must be the product of reliable principles and methods that are applied reliably to the facts of this case. Specifically, the reliability of an expert's testimony must be evaluated in light of the non-exhaustive checklist the Supreme Court identified in *Daubert v. Merrill Dow Pharmaceuticals, Inc*.[4] These are as follows:

1. Whether the expert's technique or theory can or has been tested–that is, whether the expert's theory can be challenged in some objective sense, or whether it is instead simply a subjective, conclusory approach that cannot reasonably be assessed for liability;

2. Whether the technique or theory has been subject to peer review and publication;

3. The known or potential rate of error with a technique or theory when applied;

4. The existence of maintenance and standards of control; and

**5.** Whether the technique or theory has been generally accepted in the scientific community.[5]

Additionally, according to the Fifth Circuit, an expert report must be "detailed and complete" in order to "avoid the disclosure of sketchy and vague expert information."[6] Essentially, expert

[3] *Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1310 (11th Cir. 1999).
[4] 509 U.S. 579 (1993). The Supreme Court held in *Kumho Tire Co.*, *supra*, that these factors may be applied to test the reliability of non-scientific testimony like that which Bauer and Wolfson proffer, as the 2000 amendments to Rule 702 also reflect.
[5] 509 U.S. 579, 592 (1993).
[6] *Beane v. Util. Trailer Mfg. Co.*, 2013 U.S. Dist. LEXIS 187700, *17 (W.D. La. Feb. 25, 2013) (quoting *Sierra Club v. Cedar Point Oil Co.*, 73 F.3d 546, 572 (5th Cir. 1996)) (internal quotations omitted); *see also United States v.*

reports must not be preliminary in nature, and expert reports must include "how" and "why" the expert reached a particular result, not merely the expert's conclusory opinions.[7]

Here, Marquette shows this Court that McCoin's testimony should not be admitted under Rule 702 because his opinions are unreliable.

### A. The calculations of plaintiff's economist Kenneth McCoin are unreliable such that his testimony must be excluded at trial.

In support of plaintiff's claims for damages, opposing counsel has submitted the expert report of economist Kenneth McCoin. McCoin's testimony should be excluded because it is not the product of reliable principles and methods and because his calculations are based upon unreliable assumptions to which he has failed to demonstrate adequate support.

First, McCoin inflates plaintiff's annual earnings based upon an assumed annual growth factor of 0.8% per year. Reliance on such growth rate is improper and renders any calculations based upon this rate as unreliable. This Court has previously precluded McCoin from doing this exact thing. Indeed, United States District Judge Susie Morgan recently ruled that McCoin was not allowed to opine that plaintiff's annual wages would increase by 0.8% annually throughout his worklife expectancy.[8] Further, as has been noted by the U.S. Fifth Circuit Court of Appeals, calculation of lost wages is determined by looking at the gross earnings of the plaintiff at the time of the incident or by examining past earnings data.[9]

As such, McCoin's calculations based upon increased wages over the course of plaintiff's future work-life expectancy are improper. McCoin's growth rate of 0.8% per year purportedly is

---

*Cytogel Pharma, LLC*, 2018 U.S. Dist. LEXIS 199451, *28 (E.D. La. Nov. 26, 2018) ("The expert report should be 'detailed and complete,' stating the testimony that will be presented during direct examination and the reasons therefor.").

[7] *Id.*

[8] *See* July 11, 2019 Minute Entry issued by United States District Judge Susie Morgan in *Rhodes v. Genesis Marine, LLC of* Delaware, page 2, attached as Exhibit "2."

[9] *In re Parker Drilling Offshore United State LLC*, 323 Fed. Appx. 330, 335 (5th Cir. 2009).

based upon data in a publication from the Bureau of Labor Statistics; however, in his report he provides no explanation as to how or why this figure was appropriately derived from this publication such that it would be sufficiently reliable to submit to the jury. Further, McCoin has provided no explanation as to how the data is applicable in this particular case. A review of the table upon which McCoin relies does not clearly support McCoin's growth rate, and it is not clear from the data as to how it is reliably applicable to plaintiff's particular job in the marine industry. For these reasons, McCoin's calculations are unreliable and should be precluded, just as they were precluded by Judge Morgan.

Second, without any apparent basis, McCoin opines that plaintiff's fringe benefits equal 17.5% of his wages. Again, McCoin does not provide any calculations or point to any testimony or evidence that would suggest this percentage is applicable to plaintiff. Instead, McCoin reported that such a percentage of fringe benefits is based upon data in a publication from the Department of Labor. A review of the table upon which McCoin relies does not clearly support McCoin's claim that workers earn fringe benefits equal to 17.5% of their wages. In addition, it is not clear from the data as to how it is reliably applicable to plaintiff's particular job in the marine industry and McCoin provides no such explanation. Because McCoin merely gives his conclusory opinion rather than explain how and why he reached his result, his calculations of fringe benefits are unreliable and should be precluded.

Third, McCoin must be precluded from testifying that plaintiff has and/or will sustain economic losses as a result of his lessened ability to contribute to household services. Again, Judge Morgan recently ruled that McCoin was not allowed to opine as to the costs of household services.[10] Such testimony is clearly beyond the skill, experience, training, and/or education of an

[10] *See* July 11, 2019 Minute Entry issued by United States District Judge Susie Morgan in *Rhodes v. Genesis Marine, LLC of* Delaware, page 2, attached as Exhibit "2."

economist. Additionally, no doctor has claimed that plaintiff is or will be unable to perform such household services, and there is no evidence or testimony indicating the cost of such. In fact, there is no evidence that plaintiff has paid or will pay for such services in the future. Thus, McCoin should be precluded from testifying in regard to the costs of household services just as he was precluded previously by Judge Morgan.

Because McCoin's economic analysis of past and future economic losses is not based upon reliable principles, methods, or supporting evidence, McCoin should be precluded from offering testimony at the trial of this matter. Further, given that this is a jury trial and not a bench trial, exclusion of McCoin's unreliable and speculative calculations is appropriate.

## III. CONCLUSION

In conclusion, it is clear that the testimony of McCoin is unreliable and fails to satisfy the requirements of Rule 702. As a result, the Court must exclude McCoin from testifying at the trial in this matter.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY: */s/ Michael J. Yenni, Jr.*

Evans Martin McLeod (Bar #24846)
Justin C. Warner (Bar #37349)
Michael J. Yenni, Jr. (Bar #38946)
Canal Place | 365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: 504-566-1311
Telecopier: 504-568-9130
Email: marty.mcleod@phelps.com
justin.warner@phelps.com
michael.yenni@phelps.com

ATTORNEYS FOR DEFENDANT
MARQUETTE TRANSPORTATION
COMPANY GULF-INLAND, LLC