## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**MARCUS SANDERS**                                    **CIVIL ACTION 19-12046**

**VERSUS**

**MARQUETTE TRANSPORTATION**                          **SECTION: "T"(4)**
**COMPANY GULF INLAND, L.L.C.**


### ORDER

Before the Court is a Motion *In Limine* To Exclude The Proffered Testimony Of Plaintiff's Expert Economist[1] filed by Marquette Transportation Company Gulf-Inland, LLC ("Defendant"). Plaintiff has filed an opposition.[2] For the following reasons, the Motion *In Limine* To Exclude The Proffered Testimony Of Plaintiff's Expert Economist[3] is **DENIED**.

This matter arises out of an injury sustained by Plaintiff on March 27, 2018, while working as a deckhand trainee for Defendant aboard the M/V ST CHRISTOPHER. Plaintiff alleges he fell while departing the vessel as he descended an external staircase that led from the vessel's second deck to the bottom deck. Plaintiff contends he slipped when he was about halfway down the staircase, which caused him to slide down the remainder of the stairs and sustain injuries to his back and right shoulder. Plaintiff has retained economist Kenneth McCoin to provide opinions as to Plaintiff's past and future economic losses.

Defendant has moved to exclude McCoin's testimony contending that McCoin's calculations are speculative and unreliable. Defendant claims McCoin's calculations are based on the unsupported assumptions that: (1) Plaintiff's wages would increase by 0.8% annually

---

[1] R. Doc. 14.
[2] R. Doc. 15.
[3] R. Doc. 14.

throughout his worklife expectancy, (2) that Plaintiff's fringe benefits equal 17.5% of his wages, and (3) that Plaintiff has and/or will sustain economic losses as a result of his lessened ability to contribute to household services. Plaintiff, however, asserts that McCoin's opinions are grounded in commonly accepted methodology, sufficient facts and data, and reasonable assumptions.

Federal Rule of Evidence 702 provides: "A witness who is qualified as an expert by knowledge, skill, experience, training, or education, may testify in the form of opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case."[4] When expert testimony is challenged under Rule 702 and *Daubert*, the burden of proof rests with the party seeking to present the testimony.[5]

In *Daubert*, the Supreme Court established a two-part test for judges to perform in determining the admissibility of expert testimony.[6] First, the court must determine whether the expert's testimony reflects scientific knowledge, is derived by the scientific method, and is supported by appropriate validation.[7] Second, the court must determine whether the testimony will assist the trier of fact to understand the evidence.[8] "A district court should refuse to allow an expert witness to testify if it finds that the witness is not qualified to testify in a particular field or on a given subject."[9] However, "Rule 702 does not mandate that an expert be highly qualified in order

---

[4] Fed. R. Evid. 702; *see Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 588, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993); *United States v. Hitt*, 473 F.3d 146, 148 (5th Cir.2006).
[5] *Moore v. Ashland Chemical, Inc.*, 151 F.3d 269, 276 (5th Cir.1998).
[6] *Daubert*, 509 U.S. at 588; *Hitt*, 473 F.3d at 148.
[7] *Daubert*, 509 U.S. at 590.
[8] *Daubert*, 509 U.S. at 591.
[9] *Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir. 2009) (*quoting Wilson v. Woods*, 163 F.3d 935, 937 (5th Cir. 1999)).

to testify about a given issue."[10] "Differences in expertise bear chiefly on the weight to be assigned to the testimony by the trier of fact, not its admissibility."[11]

Kenneth McCoin has extensive experience in the fields of economics and finance and holds a PhD in economics. McCoin served as a professor in economics at multiple universities for 36 years and has a reputation of long history of presenting a credible economic analysis of wage loss. Defendant's contention that McCoin's testimony is based on unsupported assumptions raises objections that go to the weight of McCoin's testimony rather than to its admissibility. As such, the Court finds that Defendant's vehicle to address these issues is on cross-examination of McCoin at trial.

Accordingly, **IT IS ORDERED** that the Motion *In Limine* To Exclude The Proffered Testimony Of Plaintiff's Expert Economist[12] is **DENIED**.

**New Orleans, Louisiana**, on this 27th day of October, 2020.

**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**

---

[10] *Huss*, 571 F.3d at 452.
[11] *Huss*, 571 F.3d at 452.; *see also Daubert*, 509 U.S. at 596 ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.").
[12] R. Doc. 14.