UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MARCUS SANDERS**                                                                  **CIVIL ACTION 19-12046**

**VERSUS**

**MARQUETTE TRANSPORTATION**                                              **SECTION: "T"(4)**
**COMPANY GULF INLAND, L.L.C.**

# ORDER

Before the Court is a Motion to Strike[1] filed by Marquette Transportation Company Gulf-Inland, LLC ("Defendant"). Plaintiff has filed an opposition.[2] For the following reasons, the Motion to Strike[3] is **DENIED**.

On April 7, 2020, in opposition to Defendant's motion *in limine* to exclude Kenneth McCoin's proffered expert testimony, Plaintiff submitted a statement and declaration signed by McCoin on April 3, 2020.[4] Defendant contends that this statement contains additional supplemental information regarding the data McCoin relied upon for his report and clarification as to what the data represents and how it is applicable. Defendant claims, however, that McCoin's statement is a belated attempt by Plaintiff to rehabilitate his expert McCoin and to get a "second bite" at his expert report "apple" because Plaintiff acknowledges, by submitting the statement, that McCoin's February 26, 2020 expert report and his opinions contained therein are vague and unreliable, and so cannot withstand the scrutiny required by Federal Rule of Evidence 702.

---

[1] R. Doc. 20.
[2] R. Doc. 26.
[3] R. Doc. 20.
[4] R. Doc. 15-2.

1

Plaintiff contends McCoin's statement and accompanying declaration did not offer any new opinions or additional documents beyond what is in his file. Instead, Plaintiff asserts that the statement sought to respond to Defendant's uncertainty about McCoin's opinions and their foundation. Plaintiff claims that Federal Rule of Civil Procedure 26(a)(2)(B) does not limit an expert's testimony simply to reading his report, and that McCoin should be allowed to supplement, elaborate upon, explain and subject himself to cross-examination upon his report.

Federal Rule of Civil Procedure 26(a)(2)(B) states as follows:

> Unless otherwise stipulated or ordered by the Court, this disclosure must be accompanied by a written report – prepared and signed by the witness – if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain: (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case.

In this case, Plaintiff proffered the February 26, 2020 economist report of McCoin, who stated that his opinions regarding Plaintiff's future wage loss are based upon a wage growth of 0.8% per year. Based upon this growth rate, McCoin opines that Plaintiff would have been earning $33,949 per year at the time of the trial in this matter. Defendants assert that McCoin's report provides no explanation or additional information as to why and/or how the 0.8% annual wage growth applies to the facts and circumstances of this particular case. Thus, Defendants filed a motion to exclude/limit the testimony of McCoin contending his report is unreliable as he relied upon a future wage growth of 0.8% per year to calculate Plaintiff's earnings loss.

In response, Plaintiff filed an opposition and submitted a statement and declaration of Kenneth McCoin, in which he attempts to provide further explanation and clarification regarding

the data relied upon in his report. Defendant asserts McCoin should not be allowed in an untimely manner to supplement his expert report by use of a statement in order to provide necessary explanation and clarification regarding the data relied upon when forming his opinions regarding plaintiff's wage loss and that were not contained in his February 26, 2020 report. However, Plaintiff asserts McCoin's statement was a natural, logical, and wholly predictable outgrowth of his expert report. The Court finds it unnecessary to strike McCoin's statement explaining how the 0.8% annual wage growth applies to the facts and circumstances of this case. McCoin's statement does not offer new opinions or documentation to his report, but merely attempts to further explain McCoin's methodology.

Accordingly, **IT IS ORDERED** that the Motion to Strike[5] is **DENIED**.

**New Orleans, Louisiana**, on this 27th day of October, 2020.

**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**

---

[5] R. Doc. 20.

3